UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

SHANE WILLIAMS,

        Plaintiff,

        v.                                   Case No. 04-C-1069

INNOVATEC COMMUNICATIONS, LLC,
INNOVATEC , CORP., KEITH BURGE,
DONN R. DRESSELHUYS, ERIC P.
DRESSELHUYS, and SILVER SPRING
NETWORKS, INC.,

        Defendants.
_____

## O R D E R

On November 4, 2004, plaintiff Shane Williams filed a complaint against the named defendants. On March 25, 2005, he moved to force defendants Innovatec Communications, LLC, Innovatec Corp., Keith Burge, Donn Dresselhuys, and Eric Dresselhuys, to arbitrate the matters raised in his complaint pursuant to an agreement dating back as far as 2000. For the reasons that follow, the court will not compel that these defendants arbitrate plaintiff's claims.

A plaintiff's decision to proceed before a non-arbitral tribunal for the resolution of a contract dispute is a presumptive waiver of the right to arbitrate. *Cabintree of Wisconsin, Inc. v. Kraftmaid Cabinerty, Inc.*, 50 F.3d 388, 390 (7th Cir.

1995). Thus, Williams is presumed to have waived any right to arbitrate by filing a complaint in this branch of the court.

However, there are situations where a plaintiff's election to resolve his claims in a non-arbitral forum does not signify an intention to proceed in court to the exclusion of arbitration:

> We have said that invoking judicial process is *presumptive* waiver. For it is easy to imagine situations–they have arisen in previous cases–in which such invocation does not signify an intention to proceed in a court to the exclusion of arbitration. There might be doubts about arbitrability, and fear that should the doubts be resolved adversely the statute of limitations might have run. Som issues might be arbitrable, and others not. The shape of the case might so alter as a result of unexpected developments during discovery or otherwise that it might become obvious that the party should be relieved from its waiver and arbitration allowed to proceed. We need not try to be exhaustive. It is enough to hold that while normally the decision to proceed in a judicial forum is a waiver of arbitration, a variety of circumstances may make the case abnormal, and then the district court should find no waiver or should permit a previous waiver to be rescinded.

*Cabintree*, 50 F.3d at 390-391 (citations omitted).

When the court is faced with an "abnormal" case, it must weigh heavily the prejudice to the party resisting arbitration prior to sending the case to arbitration:

> [P]rejudice to the other party, the party resisting arbitration, should weigh heavily in the decision to send the case to arbitration, as should the diligence or lack thereof of the party seeking arbitration–did that party do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?

*Cabintree*, 50 F.3d at 391.

Here, Williams fails to demonstrate his situation is "abnormal," and even if it were, the court finds the defendants would be unduly prejudiced if the court were to send this case to arbitration at this stage of the proceedings. The facts in the record disclose Williams stuck with his choice to litigate this case in the Eastern District of Wisconsin until March 25, 2005, the date he moved to compel arbitration. By that time, and at no small expense, the defendants had marshaled motions for summary judgment as well as motions for various sanctions against him. Williams piously informs the court he moved to compel arbitration "at his first opportunity to do so with a signed arbitration agreement," but he simply fails to explain precisely what occurred around March 25, 2005, to alter the landscape and make it appropriate to suddenly switch forums. Without this information, the court is in no position to conclude Williams has done everything he could to make the earliest feasible determination of whether to proceed judicially or by arbitration, and under the circumstances, it certainly will not force the defendants to shoulder the expense of defending themselves in yet another forum. *Cf. Cabintree*, 50 F.3d at 391.

Accordingly,

IT IS ORDERED that the motion to compel arbitration (Docket #97) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2005.

BY THE COURT:

<u>s/J. P. Stadtmueller</u>
J. P. Stadtmueller
U.S. District Judge

N:\WPDOCS\rl\04-1069 Mot to Compel Arbitration.wpd