UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

SHANE WILLIAMS,

       Plaintiff,

      v.                              Case No. 04-C-1069

INNOVATEC COMMUNICATIONS, LLC,
INNOVATEC, CORP., KEITH BURGE,
DONN R. DRESSELHUYS, ERIC P.
DRESSELHUYS, and SILVER SPRING
NETWORKS, INC.,

       Defendants.

_____

ORDER

On January 19, 2005, the court issued an order instructing the parties to meet and confer pursuant to Fed. R. Civ. P. 26(f) and submit a joint written report by February 25, 2005. On February 24, 2005, the parties submitted a joint written report, and with the contents of that report in mind, the following schedule controls the course of this litigation:

1. April 1, 2005, is the deadline for naming additional parties and amending the pleadings without the necessity of seeking formal leave of the court to do so.

2. June 15, 2005, is the deadline for plaintiff's expert witness disclosures in accordance with Fed. R. Civ. P. 26(a)(2) and Civil L.R. 26.1.

3. August 1, 2005, is the deadline for defendants' expert witness disclosures in accordance with the requirements of Fed. R. Civ. P. 26(a)(2) and Civil L.R. 26.1.

4. September 14, 2005, is the deadline for the completion of all discovery.

5. November 15, 2005, is the deadline for filing dispositive motions. *Motions for summary judgment are to be filed only after they are <u>fully</u> briefed by the parties. The parties are encouraged to exchange and revise their briefs prior to filing them with the court so as to ensure all arguments are addressed and supporting documentation is in the record. Under only the most extraordinary circumstances will the court permit sur-replies or supplements to the record.*

6. This schedule will be amended by the court only once, and then only if good cause is shown upon motion or stipulation of the parties filed

> no less than 60 days prior to the expiration of any cutoff date sought to be modified.

Against this backdrop, the court is obliged to conclude the defendants' motions for summary judgment filed on December 23, 2004, and February 10, 2005, are, at best, premature. The plaintiff has informed the court that he will be unable to adequately address motions for summary judgment until after discovery is completed–<u>see</u> Fed. R. Civ. P. Rule 56(f), and accordingly, the motions for summary judgment will be denied without prejudice along with all related motions for leave to file sur-replies and supplements to the record. The defendants will have sufficient opportunity to refile motions for summary judgment after the completion of discovery and consistent with the schedule outlined above. The court is also obliged to grant the plaintiff's January 20, 2005 motion requesting leave to file his first amended complaint. Finally, the court is obliged to deny the defendants' motions for sanctions without prejudice while at the same time affording the defendants an opportunity to refile these motions once all dispositive motions have been decided.

Accordingly,

IT IS ORDERED that defendant Burge's motion for summary judgment (Docket #17) be and the same is hereby DENIED without prejudice;

IT IS FURTHER ORDERED that the motion for summary judgment filed by defendants Innovatec Communications, Innovatec Corp., Donn Dresselhuys, and Eric Dresselhuys (Docket #62) be and the same is hereby DENIED without prejudice;

IT IS FURTHER ORDERED the motions for sanctions filed by defendants Burge, Innovatec Communications, Innovatec Corp., Donn Dresselhuys, and Eric Dresselhuys, (Docket ##21, 65) be and the same are hereby DENIED without prejudice;

IT IS FURTHER ORDERED that the plaintiff's motion to file his first amended complaint (Docket #38) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the motions to file sur-replies and/or supplements to the record (Docket ##57, 101, 103) be and the same are hereby DENIED without prejudice.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2005.

BY THE COURT:

s/J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge

N:\WPDOCS\rl\04-1069 Ord SJM.wpd